IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JIMMY E. HAMBY,**

        **Plaintiff,**

        v.                      CASE NO. 13-3125-SAC

**WARREN M. WILBERT,**
**et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Sedgwick County Jail in Wichita, Kansas. Mr. Hamby names as defendants three Segdwick County District Court judges that have apparently issued rulings in criminal cases pending against him, a deputy clerk of the Sedgwick County District Court, and his court-appointed defense attorney. Having examined the materials filed by plaintiff and his litigation history, the court designates Mr. Hamby as a three-strikes litigant. Accordingly, he is required to pay the filing fee in full in order to proceed with this lawsuit.

## FILING FEE

The fee for filing a civil complaint is $400.00, which includes the statutory fee of $350.00 and an administrative fee of $50.00,

1

or for one granted leave to proceed in forma pauperis it is $350.00. This action may not proceed until the filing fee is satisfied. Plaintiff has submitted an incomplete Motion to Proceed without Prepayment of Fees (Docs. 2, 3). 28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment submit a motion that contains an affidavit described in subsection (a)(1), which plaintiff has done. However, the prisoner is also required to provide a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has not provided a certified statement of his inmate account as required by federal law.

Moreover, it appears that plaintiff is a three-strikes litigant. It follows that plaintiff's Motion to Proceed Without Prepayment of Fees must be denied unless he shows that he is in imminent danger of serious physical injury. The motion contains no allegation of impending serious physical injury.

**ALLEGATIONS AND CLAIMS**

As Count I of his complaint, Mr. Hamby claims that defendant judges and his counsel violated his "right to be present during any and all proceedings" in his criminal case. As factual support, he alleges that in April and May of 2013, his preliminary hearing was

2

continued three times by defendants Judge Wilbert and Judge Burgess without Hamby's approval and with only his attorney present. He asserts that his constitutional rights to due process and equal protection under the Fifth and Fourteenth Amendments were violated as a result. As Count II, plaintiff claims that his court-appointed defense counsel is providing ineffective assistance in violation of the Sixth Amendment. As factual support for this count, he alleges that defendant Hansen did not allow him to be present at the hearings and refuses to represent him on pro se motions that Hamby has filed in his criminal case. As Count III, plaintiff complains that defendant Judge Walters has held his "motion for judicial notice envoking (sic) petitioners right to be provided with a 90 day speedy trial" in limbo, and informed plaintiff that motions are to be filed by his attorney. Plaintiff claims he sought relief from the appropriate administrative officials by sending a letter of complaint to the Chief Justice James Fleetwood but received no response. Plaintiff also sues defendant "Deputy Clerk #5" and in support of this claim alleges that on July 5, 2013, he mailed two motions to the clerk for filing in his criminal case and without his permission the clerk marked out contents before filing. He asserts that this violated his rights to due process and equal protection under the Fifth and Fourteenth Amendments. Plaintiff seeks relief in the form of compensatory and punitive damages from each defendant.

3

**THREE STRIKES DESIGNATION**

Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* The court takes judicial notice of the records of prior cases filed by Mr. Hamby in this district and finds that he has filed at least three previous IFP cases while incarcerated that were dismissed as frivolous or for failure to state a claim. Accordingly, the court concludes that plaintiff is a three-strikes litigant under 28 U.S.C. § 1915(g). The cases on which the designation is based are as follows.

In *Hamby v. Sanders*, No. 90-3456-DES (D.Kan. Jan. 6, 1993), plaintiff claimed a denial of access to the court based upon allegations of restrictions to legal materials. He also claimed that disciplinary action taken against him amounted to cruel and unusual punishment. Defendants filed a motion to dismiss that was granted. The court found that Mr. Hamby was not entitled to relief on his access claim because he failed to allege actual injury.[1]

---

[1] To state a claim for relief arising out of an alleged denial of access to the courts, a prisoner must allege actual injury and demonstrate that his efforts to pursue a legal claim were actually prejudiced in some respect. See *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998)(To present a viable claim for denial of access to the courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions.");

With respect to Hamby's claims regarding the disciplinary proceedings, the court found they were "only bare claims" that were not supported by the facts before the court. *Hall v. Bellmon*, 935 F.3d 1106, 1109–10 (10th Cir. 1991)("[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."); see *Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1178 (10th Cir. 2011)(where plaintiff asserted facts showing he had no legally viable claim dismissal counted as a strike). The court finds that this dismissal was for failure to state a claim and thus qualifies as a prior occasion.

In *Hamby v. Davies*, No. 90-3503-DES (D.Kan. Jan. 28, 1993), Mr. Hamby brought a § 1983 complaint alleging that defendants had illegally enhanced his sentence by forfeiting his good time in three disciplinary proceedings. He did not challenge the disciplinary proceedings but sought damages and injunctive relief based on a broad claim that the state law sanctions violated the ex post facto clause. The court dismissed the action without prejudice finding that the claims challenged the length of his confinement and could only be brought in a habeas petition. See *Smith v. Veterans Admin.*, 636 F.3d

---

*Walker v. Wilkerson*, 310 Fed.Appx. 284 (10th Cir. 2009)(unpublished)(agreeing with district court's dismissal of complaint alleging denial of access for failure to state a claim where plaintiff failed to allege prejudice, dismissing appeal as frivolous and counting both district court and appeal dismissals as strikes); *Pemberton v. Jones*, 2011 WL 1595158, *13 (W.D. Okla. Jan. 24, 2011)(unpublished)(Where plaintiff "failed to demonstrate any injury resulting from the perceived denial of access to the courts," his claims were "dismissed without prejudice for failure to state a claim."); *Estes v. Fortunato*, 2011 WL 4369124, *11 (D.Colo. Aug. 9, 2011)(unpublished)(Claim of denial of access to the courts that does not adequately allege any actual injury dismissed for failure to state a claim).

5

1306, 1312 (10th Cir. 2011)(Plaintiff's "claims under 42 U.S.C. § 1983 necessarily implied the invalidity of his conviction," and "his civil rights case [wa]s presently barred by *Heck v. Humphrey*" and properly counted as a strike.); *Davis v. Kan. Dep't of Corr*, 507 F.3d 1246, 1248, 1249 (10th Cir. 2007). The court finds that this action qualifies as a prior occasion.

In *Hamby v. Ross*, No. 95-3046-RDR (D.Kan. May 4, 1995), Mr. Hamby filed a § 1983 complaint in which he sought money damages based on the claim of constitutional violations in his state parole revocation and review. The court found that to the extent plaintiff sought to overturn the challenged proceedings and obtain new parole hearings, he sought relief in the nature of habeas corpus and was required to proceed by habeas corpus petition after exhausting state court remedies. The court further found that to the extent plaintiff sought damages for the alleged violation of his constitutional rights in the state parole proceedings, his claim was not yet ripe and was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The court finds that this dismissal qualifies as a prior occasion. See *Smith*, 636 F.3d at 1312; *Davis*, 507 F.3d 1246 at 1249; *Thomas v. Parker*, 672 F.3d 1182, 1184 (10th Cir. 2012)("the congressional purpose of § 1915(g) would be subverted if, by adding unexhausted claims to a complaint that otherwise does not state a claim . . . a prisoner could repeatedly escape imposition of a strike.").

Based upon the discussed cases, the court finds that Mr. Hamby

6

has on 3 prior occasions while incarcerated brought a court action that is frivolous, malicious, or fails to state a claim upon which relief may be granted. Accordingly, the court designates Mr. Hamby as a three-strikes litigant. There is no indication in the instant complaint or in plaintiff's Motion for Leave to Proceed without fees that his claims involve imminent danger of serious physical injury. It follows that Mr. Hamby cannot proceed with this lawsuit unless he prepays the fees of $400.00.

**COMPLAINT SUBJECT TO DISMISSAL**

Even if plaintiff were not a three-strikes litigant, this action would be subject to dismissal under 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim against defendants. This court is required by statute to screen a § 1983 complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The court briefly notes that a judge presiding over state criminal proceedings is absolutely immune to suit for money damages based upon acts taken during those proceedings, and that court personnel are generally entitled to immunity as well. Furthermore, a court-appointed defense attorney does not act "under color of state law."

7

Mr. Hamby is reminded that any challenges he may have to his state criminal proceedings, such as ineffective assistance of counsel or denial of speedy trial, must be properly presented in the first instance to the trial court and eventually throughout the state appellate process before they may be raised in federal court. This court has no authority to intervene in pending state criminal proceedings.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is denied; plaintiff is granted thirty (30) days in which to submit the $400.00 filing fee; and plaintiff's failure to pay the full filing fee within that time will result in dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated this 14th day of August of 2013, at Topeka, Kansas.

**s/Sam A. Crow**
**U.S. Senior District Judge**